IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

      v.

ADEBODUN IDOWU,

      Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   18-CR-00032 (TJM)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to a term of imprisonment of 21 months and be ordered to pay $200,000.00 in restitution to Victim #4.[1]

---

[1] The government requests that the Court include the following language in its judgment:

    1. The defendant, ADEBODUN IDOWU, shall pay restitution in the amount of $200,000.00 to "Victim #4", which is due and enforceable by the U.S. Attorney's Office against assets discovered during the case, with any remaining restitution payable in monthly installments of $25.00 or 10% of his gross monthly income while incarcerated; and upon his release in minimum monthly installments of $100 or 10% of his gross monthly income, whichever is greater, until restitution is fully paid;

    2. Until restitution is fully paid, the defendant is restrained from transferring any asset with a value of $2,500 or more, unless it is necessary to liquidate and apply the proceeds of such property to his restitution;

    3. If at any time the defendant has the ability to make full or substantial payment toward restitution he shall do so immediately; and

    4. Restitution is to be made payable to the "U.S. District Court" and forwarded to: Clerk, U.S. District Court, P.O. Box 7367, 100 S. Clinton Street, Syracuse, NY 13261, for transfer to the victim.

# I

# INTRODUCTION

On March 16, 2018, pursuant to a written plea agreement, the defendant entered a guilty plea to Count 1 of Information (18-CR-00032), in violation of 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments). The defendant is scheduled to be sentenced on July 10, 2018.

# II

# APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum Sentences**

The defendant's conviction for conspiring to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), subjects the defendant to a statutory maximum term of imprisonment of ten years, *see* 18 U.S.C. §§ 1956(h), 1957(b)(1); a maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2); and a fine of $250,000, s*ee* 18 U.S.C. §§ 1957(b)(2), 3571(b).

**2.   Guidelines Provisions**

**a.   Plea Agreement**

Pursuant to paragraph 6(a) of the plea agreement, the parties have stipulated that the base offense level is 16 pursuant to U.S.S.G. § 2S1.1(a)(2) and U.S.S.G. § 2B1.1(b)(1)(E). Additionally, pursuant to paragraph 6(b) of the plea agreement, the parties have stipulated that the defendant is being convicted under 18 U.S.C. § 1956, and that the offense level should be increased by two levels pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

**b.   Offense Level**

Under the federal sentencing guidelines, the base offense level for the defendant's conviction for conspiring to launder monetary instruments is 16. *See* U.S.S.G. § 2S1.1(a)(2) and

U.S.S.G. § 2B1.1(b)(1)(E); PSR ¶ 70.  That level should be increased by two levels because the defendant is being convicted under 18 U.S.C. § 1956.  *See* U.S.S.G. § 2S1.1(b)(2)(B); PSR ¶ 71.

    **c.**    **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

    **d.**    **Criminal History Category**

According to the presentence report, the defendant's criminal history category is one.   The government agrees with the Probation Office's determination of the defendant's criminal history category.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a 21-month term of imprisonment and order the defendant to pay $200,000.00 in restitution to "Victim #4".  The defendant's conduct is serious and involved deceitful conduct that included the formation of closely held companies, the opening and controlling of multiple bank accounts (some in the name of a fictitious person named "Dino Martins"), and the laundering of monies belonging to at least one victim who was duped into

sending money to the defendant.  PSR ¶¶ 36-41, 43-59.  And, while the defendant is not solely responsible for the economic and psychological harm through which Victim #4 has endured, the defendant played a role in causing that harm, and consequently, he should be punished.  *See* Victim Impact Statement.  The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Finally, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).[2]

Respectfully submitted this 11th day of June, 2018,

                                            GRANT C. JAQUITH
                                            United States Attorney

By:     *Richard D. Belliss*
           Richard D. Belliss
           Assistant United States Attorney
           Bar Roll No. 515295

---

[2]  The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See*  Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.